OVERTON, Justice.
This is a petition for writ of certiorari to review an order of the respondent, Florida Public Service Commission, granting to the respondent, Edward C. Smith d/b/a AnsweRite Professional Telephone Service, a certificate of public convenience and necessity to operate as a radio common carrier in Tampa, Florida. The petitioner, Dee Wetmore, d/b/a Westside Answering Service, has held a certificate of public convenience and necessity authorizing her to operate as a radio common carrier in Tampa since 1967. She appeared as a protestant to the application filed by the respondent, AnsweRite.
The authority for the Commission to issue radio common carrier certificates is set forth in Section 364.41, Florida Statutes, but is restricted by the provisions of sub-paragraph (6), which reads as follows:
“The commission shall not grant a certificate for a proposed radio common carrier operation or extension thereof which will be in competition with or duplication of any other radio common carrier unless it shall first determine that the existing sendee is inadequate to meet the reasonable needs of the public or that the person operating the same is unable to or refuses or neglects after hearing on reasonable notice to prozdde reasonably adequate sendee.” [Emphasis supplied]
In 1967, the year Westside received its certificate, the applicant, AnsweRite, first challenged the petitioner’s position as the exclusive radio carrier service in Tampa. The Commission, in denying this applica *724 tion by AnsweRite in October of 1967, said:
“The Commission finds that there is no justification for the granting of an additional certificate of public convenience and necessity to operate as a radio common carrier in the Tampa, Florida, area until such time as the present certificate holder shall have had a reasonable time to complete the installation and commence operation of her radio common carrier service within the area sought to be served, for the granting of an additional certificate therein would be in direct competition with and a duplication of the radio common carrier service the present certificate holder proposes to render.”
Respondent-AnsweRite filed the application now in issue before this Court in 1972. An extensive hearing was held before a hearing examiner, who found:
“ . . . [T]he applicant presented little, if any, credible probative evidence to support the conclusion that another competing or duplicate service is required as the result of protestant Wet-more’s service being inadequate or that she is unable or has refused or neglected to provide reasonable service. . . . ”
The Commission, with Commissioner Hawkins dissenting, refused to accept the recommendations of the examiner and granted the application of AnsweRite, finding:
“ . . . [T]hat public convenience and necessity require the grant of this application; and that in addition to the foregoing, existing service has been shown to be insufficient to meet the reasonable needs of the public. . . . ”
The statutory provision prohibiting the granting of a certificate if it will be in competition with another radio common carrier unless the existing service is established to be inadequate, is a restatement of the law adopted by this Court in Great Southern Trucking Company v. Mack, 54 So.2d 153 (Fla.1951). A utility commission must always proceed cautiously before issuing a certificate of public convenience and necessity that duplicates existing service, and any new service must not be permitted to vitally impair present service that meets the public needs. Great Southern Trucking Company v. Mack, supra. See 3 Pond on Public Utility 1440 (4 Ed.).
It is clear and admitted by all parties that the certificate in issue before this Court provides a duplicate and competing service. The record reflects that the examiner, having found the existing certificate holder’s service adequate, did not take testimony or make any finding on the effect these duplicate and competing services would have on each other. In circumstances of this kind, we deem it essential for the Commission to have testimony before it concerning the effect the duplicate and competing service would have on the present service. For example, AnsweRite could effectively put Westside out of business even though AnsweRite might lack the equipment to provide adequate communication service for the Tampa area. Testimony of this nature is necessary before a final determination concerning the issuance of the additional certificate can be made.
Further, before determining that service of a present certificate holder is inadequate, the Commission, under Section 364.41(6), F.S., must afford the present holder a “hearing on reasonable notice to provide adequate service.” An applicant’s proceeding in which the present certificate holder appears as a protestant is substantially different from a proceeding in which the present holder is required to establish adequacy of service in her own right. No notice was given to petitioner Wetmore that she had an additional burden and an affirmative obligation at this hearing under the provisions of said statute to establish that she was providing adequate service. We hold such notice and hearing necessary before the granting of a duplicate *725 certificate is authorized, although there is no bar to a consolidation of that hearing with the hearing on the application for a duplicate certificate. Notice of an affirmative burden to show adequate service is the essential ingredient.
The evidence presented on the issue of inadequate service was conflicting, and some was of questionable credibility because of personal animosities of some witnesses. The record reflects a substantial portion of the testimony was solicited and obtained from unhappy former employees of both the applicant and the protestant for their respective adversaries. Since we are remanding this cause, we hope both parties will present more credible testimony on this issue.
The petition for certiorari is granted, the order of the Commission is quashed, and this cause is remanded for further proceedings consistent with the views expressed herein.
ADKINS, C. J., and McCAIN and DEKLE, JJ., concur.
BOYD, J., dissents.